# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY, | CASE NO. 1:09-cv-01502-AWI-SMS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR COURT ORDER AND EXTENSION OF TIME |
| v. | (Doc. 23 & 24) |
| OFFICER GLEN GRAVES, et al., | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| Defendants. / | (Doc. 22) |

Plaintiff Ronnie Lee Moody is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 29, 2010, Plaintiff filed his Second Amended Complaint (Doc. 22) and two motions: Motion for Court Order (Doc. 23) and Motion for Extension of Time (Doc. 24). This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

This Court has fully reviewed Plaintiff's submissions, which set forth his frustration at the slow progress of his case. Nonetheless, as is fully set forth in this screening order, as well as the Court's screening order dated March 11, 2010, federal law requires the screening of complaints submitted by plaintiffs proceeding pro se and in forma pauperis to ensure that the complaints are legally sufficient before the case can go forward. In his frustration, Plaintiff has submitted a

Second Amended Complaint that sets forth no factual allegations and no claims. Because the complaint does not allege legally sufficient claims, this Court has no alternative other than to dismiss the Second Amended Complaint for failure to state a claim and to deny Plaintiff's motions for court order and extension of time.

Plaintiff can expedite the progress of his case if he carefully reviews the Court's orders dismissing his original and First Amended Complaints, and then submits a Third Amended Complaint that fully sets forth all relevant facts in detail and addresses the Court's observations of additional allegations required to render his complaint legally sufficient. This Court cannot speculate regarding which facts Plaintiff intends to support which constitutional claims. If Plaintiff chooses again to amend the complaint, as he is permitted to do pursuant to this order, he must correlate his claims for relief with the factual basis underlying each one, demonstrating in detail how the factual situation of which he complains has resulted in deprivations of his constitutional rights. To accomplish this objective, Plaintiff may find it helpful to set forth each claim individually, followed by relevant supporting factual allegations. Plaintiff may find it helpful to do this in the form of numbered sentences, each of which alleges one fact.

## I.    Screening Requirement and Pleading Standards

Plaintiff is reminded that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,

512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Conclusion and Order

As submitted, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with one additional opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*,

550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.

      Finally, Plaintiff is again reminded that an amended complaint supercedes all prior complaints, *Forsyth.*, 114 F.3d at 1474; *King*, 814 F.2d at 567, and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. The Clerk's Office shall also send Plaintiff copies of its Order Dismissing Complaint with Leave to Amend dated September 23, 2009 (Doc. 13), and its Order Dismissing Complaint with Leave to Amend dated March 10, 2010 (Doc. 21);
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order and its two prior screening orders; and
4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 1, 2010**                  /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE