# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER GLEN GRAVES, et al.,<br><br>  Defendants. | CASE NO. 1:09-cv-01502-AWI-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND TRIAL ON PRIOR COMPLAINT<br><br>(Doc. 26) |

Plaintiff Ronnie Lee Moody is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 2, 2010, this Court denied Plaintiff's Second Amended Complaint (Doc. 22) and two motions: Motion for Court Order (Doc. 23) and Motion for Extension of Time (Doc. 24) (Doc. 25). Plaintiff has now moved for appointment of counsel and demanded a jury trial, apparently on his original complaint (Doc. 1). This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.     Appointment of Counsel**

Plaintiff first requests appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296,

1

298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part, on other grounds*, 154 F.3d 952 (1998), *cert. denied*, 527 U.S. 1035 (1999). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. *See Rand*, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel will be denied.

**II.     Demand for Trial**

Plaintiff demands "a jury trial on my case of claim that was filed last year and transferred from San Francisco Northern District Court to Fresno Eastern District Court." Presumably, Plaintiff refers to his original complaint (Doc. 1). Plaintiff's original complaint (Doc. 1), first amended complaint (Doc. 19), and second amended complaint (Doc. 22) have been dismissed for failure to state a cognizable claim (Docs. 13, 21, and 25). This Court cannot order that trial proceed until Plaintiff has filed a complaint setting forth a cognizable claim, all defendant(s) have been served, and necessary pretrial proceedings have been completed.[1]

**III.    Conclusion and Order**

For the reasons set forth above, this Court DENIES Plaintiff's motion for appointment of counsel and an order for a jury trial.

IT IS SO ORDERED.

**Dated:   April 12, 2010**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] This Court's prior order (Doc. 25) permits Plaintiff to amend his complaint within thirty days or by May 5, 2010.

2